## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | |
| :-- | :-- |
| v. | No. 3:11cr235 (SRU) |
| DANIEL L. MILLS | |

## RULING ON MOTION TO SUPPRESS

Daniel L. Mills argues his arrest violated the Fourth Amendment and therefore moves to suppress evidence seized from him and any statements he made to police subsequent to his arrest. For the reasons stated below, the motion to suppress (doc. # 71) is **DENIED.**

### I.    Background[1]

On the night of November 28, 2011, Mills was driving a 2000 Nissan Maxima onto the northbound side of I-95 when a state police vehicle pulled alongside him. The vehicle, driven by Officer Anthony Smart, followed Mills for about two exits on the highway when Officer Smart turned on his flashing lights and siren to pull Mills over. The officer directed Mills to exit the highway. Mills exited the highway, abandoned his car at a gas station, and fled on foot.

Officers gave chase and caught Mills about thirty minutes later. During the chase, a K-9 unit found a backpack containing about three kilograms of cocaine, which Mills later admitted was his. Mills claimed that he fled from the police because he had been smoking marijuana all day and because "[his] car smelled like a pound of weed [and] thought once [the police] approached [his] car and smelled the weed, [they] might make [him] get out the car." Def.'s Mot. to Suppress at 2.

---

[1] Unless otherwise noted, the following facts, taken from briefs submitted by Mills and the Government, are undisputed. Because this motion does not turn on the resolution of disputed questions of fact, I have elected not to hold an evidentiary hearing.

At the time of Mills' arrest, the arresting officer was assigned to Troop G. Mills alleges that, at the time of the stop, Troop G was involved in a competition with Troop F to see which state police barracks could obtain the most motor vehicle citations in a given period. Mills has submitted an email, dated March 29, 2012, in which an officer of Troop G instructs other officers to participate in the competition, which he refers to as a "race for tickets."

## II.   Discussion

Mills argues that his arrest was illegal because it was made pursuant to an attempt to meet a ticket quota, and, therefore, his seizure was not supported by probable cause. Accordingly, Mills contends, any evidence taken from him subsequent to the stop of his car constituted the fruits of an unlawful seizure and must be suppressed. I do not need to determine whether the officer had reasonable suspicion to stop Mills' vehicle because the evidence gathered was collected subsequent to Mills' flight from the police, which occurred after the allegedly unlawful stop.

The police officer's initial attempt to stop Mills was not a Fourth Amendment seizure. "A police officer's order to stop constitutes a seizure if a reasonable person would have believed that he was not free to leave . . . and the person complies with the officer's order to stop." *United States v. Simmons*, 560 F.3d 98 (2d Cir. 2009) (citations and internal quotations omitted). Mills clearly did not comply with the officer's order to stop and was not apprehended until having fled from the police. "[A]n order to stop must be obeyed or enforced physically to constitute a seizure . . . attempted seizures of a person are beyond the scope of the Fourth Amendment." *United States v. Swindle*, 407 F.3d 562, 572 (2d Cir. 2005) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998), and *California v. Hodari D.*, 499 U.S. 621, 624 (1991)); *see United States v. Baldwin*, 496 F.3d 215, 218 (2d Cir. 2007) (suspect is not seized

when he stops temporarily in response to an order and then flees); *United States v. Muhammad*, 463 F.3d 115, 122-23 (2d Cir. 2006) (suspect who attempted to flee from police on bicycle was not seized until physically restrained by police, and thus the attempt to flee was relevant to the determination of reasonable suspicion for the seizure). Further, "the grounds for a stop may . . . be based on events that occur after the order to stop is given." *Simmons*, 560 F.3d at 106 (citing *Swindle*, 406 F.3d at 568). Thus, even if the police were engaged in a ticket race, the evidence here need not be suppressed because Mills was not "seized" until he was apprehended after the foot chase and, even if there were no grounds for the initial attempted stop, Mills' flight provided sufficient cause to stop and seize him.

## III. Conclusion

For the reasons stated above, the motion to suppress (doc. # 71) is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 15th day of October 2013.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge